# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIREYA MANQUERO, et al., | 1:10-cv-0304 OWW SMS |
| Plaintiffs, | **SCHEDULING CONFERENCE ORDER** |
| v. | Discovery Cut-Off: 9/9/11 |
| AMETEK INCORPORATED, | Non-Dispositive Motion Filing Deadline: 9/26/11 |
| Defendant. | Non-Dispositive Motion Hearing Date: 10/28/11 9:00 Ctrm. 8 |
| | **Dispositive Motion Filing Deadline: 10/8/11** |
| | **Dispositive Motion Hearing Date: 11/21/11 10:00 Ctrm. 3** |
| | **Settlement Conference Date: 12/7/11 11:00 Ctrm. 8** |
| | **Pre-Trial Conference Date: 1/9/12 11:00 Ctrm. 3** |
| | **Trial Date: 2/28/12 9:00 Ctrm. 3 (JT-16 days)** |

I.  Date of Scheduling Conference.

   June 30, 2010.

II. Appearances Of Counsel.

   Sayre & Levitt, LLP by Tyler R. Dowdall, Esq., appeared on

1

behalf of Plaintiff.

   Sedgwick, Detert, Moran & Arnold, LLP by Gregory C. Read, Esq., appeared on behalf of Defendant.

III. Summary of Pleadings.

   1.   Plaintiffs are the family members of Anthony Manquero, who died after exsanguinating on August 30, 2009 after an industrial accident in which an auger crushed his left leg, transecting the femoral and popliteal arteries.

   2.   The injury took place in a winery located at 8418 S. Lac Jac Avenue, Reedley, California 93654. The winery has an auger system to transfer field grapes through a warehouse building to a crusher on the other side. The auger system is approximately 200 feet long, and is set in an 18x18-inch trough below floor level. According to investigation reports, the trough and auger are covered first by a heavy drive-over plate, which allows industrial vehicles to cross, and then by a second aluminum screen approximately ten-gauge thick.

   3.   According to the OSHA report, decedent Anthony Manquero was cleaning the trough with a co-employee on the day of the accident. The driver-over plate had been removed, and the employees were hosing out the trough while the auger was running. At some point, as decedent Anthony Manquero was apparently attempting to step across the trough, his left heel went through the second screen and became entangled in the auger, which pulled him into the trough.

   4.   Co-employees stopped the auger, and the auger was manually reversed by the fire department to free decedent. Anthony Manquero died at the scene.

2

IV. Orders Re Amendments To Pleadings.

    1.   There may be a need to amend to determine the correct party who manufactured and installed the subject auger. The parties agree that if the manufacturer of the auger is different from the present designee, that the complaint may be amended by stipulation to join the correct party.

V. Factual Summary.

    A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

       1.   Plaintiff's decedent, Anthony Manquero, died after exsanguinating August 30, 2009, after an industrial accident in which an auger crushed his left leg transecting the femoral and popliteal arteries.

       2.   The injury occurred at a winery located at 8418 S. Lac Jac Avenue, Reedley, California 93654.

       3.   The winery has an auger system to transfer field grapes through a warehousing building to a crusher on the other side.

       4.   The auger system is approximately 200 feet long, and is set in an 18x18-inch trough below floor level.

       5.   According to investigation reports, the trough and auger are covered first by a heavy drive-over plate, which allows industrial vehicles to cross, and then by a second aluminum screen approximately ten-gauge thick.

       6.   According to the OSHA report, decedent Anthony Manquero was cleaning the trough with a co-employee on the day of the accident.

       7.   The drive-over plate had been removed, and the

employees were hosing out the trough while the auger was running.

8.  At some point, as decedent Anthony Manquero was apparently attempting to step across the trough, his left heel went through the second screen and became entangled in the auger, which pulled him into the through.

9.  Co-employees stopped the auger, and the auger was manually reversed by the fire department to free decedent. Anthony Manquero died at the scene.

B.  Contested Facts.

1.  Whether Defendant Ametek's corporate predecessor, Valley Foundry and Machine Works, designed, manufactured, and installed the auger in question.

2.  Whether the auger was manufactured, designed and marketed with reasonable care.

3.  Whether the auger was free from manufacturing or design defects and had adequate warnings.

4.  Whether the design of the auger system was a substantial factor in causing decedent's death.

5.  Whether the auger system was in the same condition as when it left the manufacturer.

6.  Whether the auger system was being used with reasonable care by decedent and others, and in the manner intended by the manufacturer.

7.  The nature and extent of Plaintiffs' damages.

VI. Legal Issues.

A.  Uncontested.

1.  Jurisdiction exists under 28 U.S.C. § 1332.

2.  Venue is proper under 28 U.S.C. § 1391.

4

        3.    The parties agree that the substantive law of the State of California provides the rule of decision in this diversity action.

    B.    Contested.

        1.    All remaining legal issues are in dispute.

## VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

## VIII. Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

## IX. Discovery Plan and Cut-Off Date.

    1.    Since the parties have not been able to definitively identify the manufacturer of the subject auger or auger system as of this time, the parties have agreed that the first round of discovery should concern (1) an attempt to identify the actual manufacturer of the auger and auger system, and (2) discovery designed to establish factually how the accident happened. The parties will agree on a first round discovery schedule within the next thirty (30) days, which may involve a site inspection at the location of the accident, document requests or record subpoenas from O'Neill Vintners, depositions of decedent's co-employees who were witnesses to the accident, and depositions of other

5

individuals who may have knowledge as to the manufacturer which designed and manufactured the subject auger and auger system.

    2.    The parties request that the Court schedule a second Joint Scheduling Conference within 60-90 days for the parties to report on the result of this first round of discovery and to propose a discovery and trial schedule for the Court's consideration and approval.

    3.    The parties are ordered to complete all non-expert discovery on or before July 1, 2011.

    4.    The parties are directed to disclose all expert witnesses, in writing, on or before July 11, 2011. Any rebuttal or supplemental expert disclosures will be made on or before August 10, 2011. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    5.    The parties are ordered to complete all discovery, including experts, on or before September 9, 2011.

    6.    The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

6

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before September 26, 2011, and heard on October 28, 2011, at 9:00 a.m. before Magistrate Judge Sheila K. Oberto in Courtroom 8.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than October 10, 2011, and will be heard on November 21, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

    1.   January 9, 2012, at 11:00 a.m. in Courtroom 3, 7th floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

///

**XII. Motions - Hard Copy.**

    1.    The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

**XIII.  Trial Date.**

    1.    February 28, 2012, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    This is a jury trial.

    3.    Counsels' Estimate Of Trial Time:

        a.    16 days.

    4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**XIV. Settlement Conference.**

    1.    A Settlement Conference is scheduled for December 7, 2011, at 10:00 a.m. in Courtroom 8 before the Honorable Sheila K. Oberto, United States Magistrate Judge.

    2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is

allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

       a.   A brief statement of the facts of the case.

       b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

       c.   A summary of the proceedings to date.

       d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.    The relief sought.

        f.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV.  Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.    None.

XVI. Related Matters Pending.

    1.    There are no related matters.

XVII.    Compliance With Federal Procedure.

    1.    The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.    Effect Of This Order.

    1.    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by

affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   June 30, 2010            /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE