FEDERICO CASTELAN SAYRE, ESQ., SBN 067420
TYLER R. DOWDALL, ESQ., SBN 258950
**SAYRE & LEVITT, LLP**
900 N. BROADWAY, 4th FLOOR
SANTA ANA, CALIFORNIA 92701-3452
Phone (714) 550-9117
Facsimile (714) 550-9125
*email: tdowdall@sayrelevitt.com*

Attorneys for Plaintiffs:

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIREYA MANQUERO, individually and as successor in interest to the Estate of Anthony Manquero; DAMIAN MANQUERO, individually and as successor in interest to the Estate of Anthony Manquero; ANTONIO MANQUERO, individually and as successor in interest to the Estate of Anthony Manquero; FRANCISCO MANQUERO, individually and as successor in interest to the Estate of Anthony Manquero; ESTATE OF ANTHONY MANQUERO, by and through its successors in interest, MIREYA MANQUERO, DAMIAN MANQUERO, ANTONIO MANQUERO, FRANCISCO MANQUERO. <br><br> Plaintiffs, <br><br> v. <br><br> AMETEK INCORPORATED, a Delaware Corporation; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. <br><br> **1:10-CV-00304-OWW-SMS** <br><br> **STIPULATION FOR DISMISSAL WITHOUT PREJUDICE; ORDER THEREON** |

**COME NOW**, the Parties herein, by and through their respective counsel of record, Tyler R. Dowdall, Esq., SAYRE & LEVITT, LLP, for Plaintiffs MIREYA

MANQUERO, DAMIAN MANQUERO, ANTONIO MANQUERO, FRANCISCO MANQUERO, ESTATE OF ANTHONY MANQUERO, (hereinafter collectively "Plaintiffs"), and Gregory C. Read, Esq., SEDGWICK, DETERT, MORAN AND ARNOLD, LLP, for Defendant AMETEK INCORPORATED, (hereinafter "Defendant") and, with the authority of their respective clients, stipulate as follows:

**RECITAL:**

1. On February 19, 2010 plaintiffs filed their Complaint for Damages against defendant Ametek Incorporated in the United States District Court for the Eastern District of California with jurisdiction based on diversity of citizenship in accordance with 28 U.S.C. § 1332. Plaintiffs' action sounds in products liability for a death following an industrial accident involving an auger on August 30, 2009.

2. On March 26, 2010 plaintiffs and defendant filed a stipulation to extend the time of defendant Ametek to file an answer.

3. On March 29, 2010 the court entered and Order extending the time of Defendant Ametek to file an answer.

4. On May 24, 2010, Defendant Ametek filed its answer.

5. On June 30, 2010 the Court conducted a Scheduling Conference. Counsel of record for plaintiffs and defendant highlighted a preliminary issue of central importance; a determination of whether Defendant Ametek had any involvement in the design, manufacture or installation of the auger system at issue in plaintiff's complaint.

6. Plaintiffs and Defendant met and conferred regarding a discovery schedule, and agreed that a site-inspection of the premises was necessary.

7. On or about December 2, 2010 plaintiffs, defendant, and O'Neill Winery, by and through its counsel Susan Hatmaker of Sutton Hatmaker, entered into a stipulation regarding production of documents, inspection of premises and testimony.

8. On or about December 15, 2010 plaintiffs and defendant conducted an inspection of O'Neill Winery. Plaintiffs subsequently deposed Robert Terry, maintenance manager for O'Neill Winery.

9. Through the site inspection and deposition of Mr. Terry, plaintiffs learned the identity of additional parties that need to be named defendants.

10. The parties plaintiff wishes to name as defendants are, plaintiffs are informed and believe, residents of California. If plaintiffs were to seek to amend their complaint to name the new parties, diversity would be lost and plaintiffs would be unable to maintain the instant action in this court.

11. Plaintiffs and defendant have met and conferred regarding the posture of the case, and have agreed to dismiss the instant action without prejudice. Plaintiffs shall have until the expiry of governing statutes of limitation, up to and including August 30, 2011, to refile their action in California State court.

12. Plaintiffs and defendants have agreed that each party shall bear their own costs of litigation, expert witness fees, and attorneys' fees.

**IT IS HEREBY STIPULATED** as follows:

1. The instant action shall be dismissed without prejudice.
2. Plaintiffs shall have until August 30, 2011, the expiration of negligence products liability statutes of limitation in California, to re-file their action against this defendant. Any other potential theories of liability, or theories of liability against third parties, shall not be governed by the August 30, 2011 date, but shall be controlled by the governing statutes of limitation as proscribed by the California Code of Civil Procedure.
3. Each party shall bear their own costs of litigation, expert witness fees, and attorneys' fees.

4. It is further agreed by and between the parties that this stipulation may be signed in counterpart and that a facsimile or electronic signature will be as valid as an original signature.

DATED: February 7, 2011      **SAYRE & LEVITT, LLP**

By: /s/ Tyler R. Dowdall
    Federico C. Sayre
    Tyler R. Dowdall
    Attorneys for Plaintiffs

DATED: February 7, 2011      **SEDGWICK, DETERT, MORAN & ARNOLD, LLP**

By: /s/ Gregory C. Read
    Gregory C. Read
    Attorneys Defendants

1  IT IS SO ORDERED.

2  Dated:  **February 8, 2011**             **/s/ Oliver W. Wanger**
3                                             UNITED STATES DISTRICT JUDGE